**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**BRUNSWICK DIVISION**

LOREAL DIOR MCMILLER,

Plaintiff,

v.

SOCIAL SECURITY COMMISSIONER,

Defendant.

CIVIL ACTION NO.: 2:25-cv-65

## REPORT AND RECOMMENDATION

Plaintiff contests the decision of Administrative Law Judge Michael Dennard ("the ALJ" or "ALJ Dennard") denying her claim for Period of Disability and Disability Insurance Benefits. Plaintiff urges the Court to reverse the ALJ's decision. Doc. 9. Defendant asserts the Commissioner's decision should be affirmed. Doc. 11. Petitioner also filed a Motion for Remand. Doc. 14. Defendant filed a Response. Doc. 16. For the reasons that follow, I **RECOMMEND** the Court **DENY** the Motion for Remand and **AFFIRM** the ALJ's decision. I **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal.

## BACKGROUND

Plaintiff filed an application for a Period of Disability and Disability Insurance Benefits on March 21, 2022, alleging an onset date of August 24, 2021. R. 211.[1] Plaintiff filed an

---

[1] A transcript of the entire proceedings before the Social Security Administration appears at Document Number 8. The transcript includes paginated Record cites. Doc. 8-1. I refer to the transcript using these same Record cites.

application for Supplemental Security Income on March 3, 2023, alleging the same onset date.[2] R. 213. On March 13, 2025, the ALJ held a telephonic hearing, at which Plaintiff, who was represented by counsel, appeared and testified. R. 30. Wayne Blake, a vocational expert ("VE"), also appeared telephonically at the hearing. Id. The ALJ denied Plaintiff's claims after the hearing in a decision on March 28, 2025. R. 14–22. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. R. 1.

Plaintiff, born on June 23, 1988, was 33 years old at the time of the alleged onset date and 36 years old at the time of the ALJ's decision in 2025. R. 58. Plaintiff has at least a high school education. R. 36. Plaintiff previously worked as a customer service representative. R. 20.

## DISCUSSION

### I. The ALJ's Findings

Title II of the Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Act qualifies the definition of disability as follows:

> An individual shall be determined to be under a disability only if [her] physical or mental impairment or impairments are of such severity that [s]he is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]

[2] The ALJ stated in his findings that Plaintiff applied for Supplemental Security Income on July 22, 2022, but the records in the transcript state that she submitted her application on March 3, 2023. R. 10, 213. In either case, the ALJ's decision covered the time period between August 24, 2021 and March 28, 2025, which includes both dates.

42 U.S.C. § 423(d)(2)(A). Under the Act, the Commissioner has established a five-step process to determine whether a person meets the definition of disability. 20 C.F.R. §§ 404.1520, 416.920; Bowen v. Yuckert, 482 U.S. 137, 140 (1987).

The first step determines if the claimant is engaged in "substantial gainful activity." Id. If the claimant is engaged in substantial gainful activity, then benefits are immediately denied. Id. If the claimant is not engaged in such activity, then the second inquiry is whether the claimant has a medically severe impairment or combination of impairments. Id. at 140–41. If the claimant's impairment or combination of impairments is severe, then the evaluation proceeds to step three. The third step requires a determination of whether the claimant's impairment meets or equals one of the impairments listed in the Code of Federal Regulations and acknowledged by the Commissioner as sufficiently severe to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 416.920(d); 20 C.F.R. Pt. 404, Subpt. P. App. 1; Phillips v. Barnhart, 357 F.3d 1232, 1238 (11th Cir. 2004). If the impairment meets or equals one of the listed impairments, the plaintiff is presumed disabled. Yuckert, 482 U.S. at 141.

If the impairment does not meet or equal one of the listed impairments, the sequential evaluation proceeds to the fourth step to determine if the impairment precludes the claimant from performing past relevant work, i.e., whether the claimant has the residual functional capacity to perform her past relevant work. Id.; Stone v. Comm'r of Soc. Sec., 503 F. App'x 692, 693 (11th Cir. 2013). A claimant's residual functional capacity "is an assessment . . . of the claimant's remaining ability to do work despite [her] impairments." Id. at 693–94 (ellipsis in original) (quoting Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997)). If the claimant is unable to perform her past relevant work, the final step of the evaluation process determines whether she can adjust other work in the national economy, considering her age, education, and

work experience. Phillips, 357 F.3d at 1239. Disability benefits will be awarded only if the claimant is unable to perform other work. Yuckert, 482 U.S. at 142.

Here, the ALJ followed this sequential process to determine Plaintiff did not engage in substantial gainful activity since her alleged onset date, August 24, 2021. R. 12. At step two, the ALJ determined Plaintiff had the following severe impairments: migraine; depression; anxiety; panic disorder; and post-traumatic stress disorder ("PTSD"). R. 13. At the third step, the ALJ determined Plaintiff's impairment or combination of impairments did not meet the severity of a listed impairment. R. 13–15.

The ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform light work, except Plaintiff can occasionally climb ramps, stairs, ladders, ropes, or scaffolds. Plaintiff can occasionally work at unprotected heights or in dust, odors, fumes, and pulmonary irritants. She must work in a job rated moderate for noise and cannot work in bright sunlight. She is able to sustain attention, concentration, effort, and pace to perform simple tasks while understanding, remembering, and carrying out simple instructions and simple work-related decisions for 2-hour segments of time throughout an 8-hour workday for a 40-hour workweek. Plaintiff can have occasional interaction with supervisors, coworkers, and the public. She is limited to a work environment with occasional workplace changes, and any time off task can be accommodated by normal breaks. R. 15–19.

At the next step, the ALJ determined Plaintiff is unable to perform any past relevant work. R. 20. The ALJ also determined that jobs exist in significant numbers in the national economy that Plaintiff can perform, including collator operator, mail clerk, or maker. R. 20–21. The ALJ concluded that Plaintiff has not been under a disability since her alleged onset date of August 24, 2021. R. 21.

## II. Issues Presented

Plaintiff asserts the ALJ erred in six ways. First, the ALJ "failed to properly evaluate the persuasiveness of treating provider opinions." Doc. 9 at 2. Second, the ALJ "evaluated each impairment separately, failing to consider their cumulative effect on Plaintiff's ability to work." Id. at 2–3. Third, the "RFC finding is inconsistent with objective MRI evidence, pain management, and mental health limitations." Id. at 3. Fourth, "[k]ey MRI findings and evidence of two epidural injections were not meaningfully addressed." Id. Fifth, the ALJ "failed to provide specific and adequate reasons for discounting Plaintiff's symptom testimony." Id. Sixth and finally, "[t]he ALJ's hypothetical questions to the VE omitted critical functional limitations." Id.

## III. Standard of Review

It is well established judicial review of social security cases is limited to questions of whether the Commissioner's factual findings are supported by "substantial evidence" and whether the Commissioner has applied appropriate legal standards. Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990). A reviewing court does not "decide facts anew, reweigh the evidence or substitute" its judgment for that of the Commissioner. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). Even if the evidence preponderates against the Commissioner's factual findings, the court must affirm a decision supported by substantial evidence. Id.

However, substantial evidence must do more than create a suspicion of the existence of the fact to be proved. The evidence relied upon must be relevant evidence which a reasonable mind would find adequate to support a conclusion. Ingram v. Comm'r of Soc. Sec. Admin., 496 F. 3d 1253, 1260 (11th Cir. 2007). The substantial evidence standard requires more than a

scintilla but less than a preponderance of evidence. Dyer, 395 F.3d at 1210. In its review, the court must also determine whether the ALJ or Commissioner applied appropriate legal standards. Failure to delineate and apply the appropriate standards mandates the findings be vacated and remanded for clarification. Cornelius, 936 F.2d at 1146.

The deference accorded the Commissioner's findings of fact does not extend to his conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982), overruled by statute on other grounds recognized by Lane v. Astrue, No. 8:11-CV-345-T-27, 2012 WL 292637, at *4 (M.D. Fla. Jan. 12, 2012).

## IV. Plaintiff's Enumerations of Error

### A. Medical Opinions

Plaintiff argues that the ALJ did not properly evaluate medical opinions. Doc. 9 at 2. Plaintiff contends that "the decision did not give proper weight to the opinions of [her] treating providers," including Kelly King, Virginia Knight, Allen Miller, and Peggy O'Cain. Doc. 10 at 1.[3] In response, Defendant argues the ALJ properly considered King's medical opinions in question and found them not persuasive. Doc. 11 at 7. Defendant argues the remaining providers did not provide medical opinions but, rather, treatment notes. Id.

[3] Document Number 10 is a letter Plaintiff submitted after filing her brief. She explains that the purpose of the letter is "to emphasize certain factual and procedural matters I believe are relevant to the Court's review." Doc. 10 at 1. I construe Document Number 10 as Plaintiff's supplemental brief.

For claims filed after March 27, 2017 (like this one), the Regulations provide that the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s)." 20 C.F.R. § 404.1520c(a). Instead, the ALJ considers a series of factors, including supportability, consistency, relationship with the claimant, specialization, and "other factors." 20 C.F.R. § 404.1520c(c)(1)–(5). The "most important factors" for persuasiveness are supportability and consistency. 20 C.F.R. § 404.1520c(a). Supportability refers to how relevant the objective medical evidence and supporting explanations are to the opinion, and consistency refers to how consistent the medical opinion is with evidence from other medical and non-medical sources. The more supportable and consistent the opinion is, the more persuasive it will be. 20 C.F.R. § 1520c(c)(1), (2). An ALJ "may reject the opinion of any physician when the evidence supports a contrary conclusion but is required to state with particularity the weight he gives to different medical opinions and the reasons why." Quagliozzi v. Kijakazi, 629 F. Supp. 3d 1263, 1287 (S.D. Fla. 2022) (marks omitted) (quoting McCloud v. Barnhart, 166 F. App'x 410, 418–19 (11th Cir. 2006)).

Here, Plaintiff identifies four different providers but does not specify which opinions she contends the ALJ improperly rejected. The ALJ expressly discussed Kelly King's opinions, explaining that Plaintiff was treated for major depressive disorder, generalized anxiety disorder, and PTSD in January 2025. R. 18. King stated that Plaintiff "is unable to meet competitive standards in remembering work-like procedures, completing a normal workday and workweek without interruptions, performing at a consistent pace, and dealing with the stress of semi-skilled and skilled work, with serious limitations in many other areas of functioning." R. 18–19. King opined that Plaintiff "would be absent from work about 3 days per month due to symptoms" and "rated the claimant's difficulties in maintaining social functioning and in concentration,

persistence, and pace . . . ." R. 19. The ALJ found King's opinions unpersuasive because they were "not consistent [with] treatment records, which generally indicate normal mental status examinations apart from anxious or depressed mood." Id.

There was no legal error in the ALJ's rejection of King's opinion. The ALJ confirmed that King's statements were supported by "citation to the claimant's symptoms of anxiety, nervousness, panic attacks, low mood, poor concentration, seclusion, and insomnia." R. 19. The ALJ ultimately found King's opinion unpersuasive, however, because it was inconsistent with treatment records, per the Regulation. The ALJ's stated his conclusion with particularity and gave reasons for the opinion, per the Eleventh Circuit's standard. The ALJ was not required to do any more. See Raper v. Comm'r of Soc. Sec., 89 F.4th 1261, 1276 n.14 (11th Cir. 2024) (finding no error if the ALJ "states with at least some measure of clarity the grounds for his or her decision.").

Plaintiff also identifies Virginia Knight, Allen Miller, and Peggy O'Cain. Doc. 10 at 1. The record contains medical evidence from these individuals in the form of treatment notes containing primarily clinical observations and diagnoses. See, e.g., R. 793. These sorts of objective treatment notes are not medical opinions.

The Regulations define what types of evidence an ALJ will consider. Medical opinion evidence is "a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions in" a range of different work-related abilities. 20 C.F.R. § 404.1513(a)(2). The Regulations define "other medical evidence" as "judgments about the severity of your impairments, your medical history, clinical findings, diagnosis, treatment prescribed with response, or prognosis." 20 C.F.R. § 1513(a)(3).

Treatment notes discussing Plaintiff's symptoms, treatment plans, and diagnoses are not medical opinions because they do not address impairment-related limitations or restrictions but rather constitute judgments about medical treatment. Because Knight, Miller, and O'Cain appear to exclusively provide treatment notes, they have provided "other medical evidence" and there are no medical opinions from these providers for the ALJ to evaluate.

**B. Cumulative Review**

Plaintiff next argues that the ALJ erred by considering "each impairment separately, failing to consider their cumulative effect on Plaintiff's ability to work." Doc. 9 at 2. Plaintiff is correct that an ALJ must consider a claimant's impairments in combination as well as individually. See Bruet v. Barnhart, 313 F. Supp. 2d 1338, 1344 ("[T]he ALJ must consider the combined effect of all impairments when evaluating Plaintiff's disability.") (citing Walker v. Bowen, 826 F.2d 996, 1001 (11th Cir. 1987)); McCormick v. SSA, Comm'r, 619 F. App'x 855, 858 (11th Cir. 2015) (recognizing that an ALJ has a duty to consider the combined effects of an individual's impairments). But the ALJ expressly considered Plaintiff's impairments in combination. The ALJ stated that "[t]he claimant's impairments, considered singly *and in combination*, do not meet or medically equal the severity of any listed impairment." R. 14 (emphasis added). The ALJ then, in detail, examined each of Plaintiff's limitations. R. 14–15. In doing so, the ALJ sufficiently demonstrated that he considered the combined effect of all of Plaintiff's impairments. See Nichols v. Comm'r, SSA, 679 F. App'x 792, 797 (11th Cir. 2017) ("An ALJ's statement that the claimant did not have an impairment or combination of impairments that rendered her disabled constitutes evidence that he considered the combined effects of her impairments.") (citing Wilson v. Barnhart, 284 F.3d 1219, 1224 (11th Cir. 2002)). This argument presents no basis for remand.

**C. Substantial Evidence**

Plaintiff's third, fourth, and fifth arguments all concern whether the ALJ evaluated all the evidence properly. Plaintiff argues that the ALJ's RFC finding "is inconsistent with objective MRI evidence, pain management, and mental health limitations." Doc. 9 at 3. Plaintiff next argues that "[k]ey MRI findings and evidence of two epidural injections were not meaningfully addressed." Id. Plaintiff also argues that the ALJ "failed to provide specific and adequate reasons for discounting Plaintiff's symptom testimony." Id. None of these arguments warrant remand.

The Court's limited review of the ALJ's decision prevents the Court from reevaluating the ALJ's treatment of Plaintiff's medical records in the way Plaintiff asks. The Court's only role is to determine if substantial evidence supports the ALJ's decision. Critically, the Court may not "decide the facts anew, make credibility determinations[,] or re-weigh the evidence." Pupo v. Comm'r, 17 F.4th 1054, 1060 (11th Cir. 2021) (citation omitted).

Substantial evidence supports the ALJ's RFC finding. The ALJ considered Plaintiff's hearing testimony, finding it inconsistent with the medical evidence in the record. R. 16. The ALJ considered Plaintiff's medical history, medical opinions about Plaintiff's condition, and prior administrative findings. R. 18–19. The ALJ considered the opinions of state agency medical consultants. R. 19. Ultimately, the ALJ found that Plaintiff's RFC was "supported by" her "conservative and stable mental health treatment record, her minimal physical treatment history, and the objective findings of the consultative examiners." Id. Nothing in the record indicates that the ALJ did not consider objective medical evidence or subjective testimony. And an ALJ is not required to "specifically refer to every piece of evidence in his decision, so long as the ALJ's decision is not a broad rejection which is not enough to enable a reviewing court to

conclude that the ALJ considered the claimant's medical condition as a whole." Mitchell v. Comm'r, SSA, 771 F.3d 780, 782 (11th Cir. 2014) (citation and punctuation omitted). Substantial evidence clearly supports the ALJ's RFC finding, which ends the inquiry.

### D. Vocational Expert Testimony

Plaintiff argues that "[t]he ALJ's hypothetical questions to the [vocational expert] omitted critical functional limitations." Doc. 9 at 3. Defendant argues in response that the ALJ's hypothetical questions "accurately conveyed the ALJ's RFC finding." Doc. 11 at 18.

For a vocational expert's testimony to constitute substantial evidence, the ALJ "must pose a hypothetical question which comprises all of the claimant's impairments." Wilson v. Barnhart, 284 F.3d 1219, 1227 (11th Cir. 2002). There is no indication in the record that the ALJ failed to do this when asking hypothetical questions at the hearing. Plaintiff argues that the ALJ "omitted critical functional limitations" but provides no detail about what omissions the ALJ made. Doc. 9 at 3. A Social Security claimant "bears the initial burden of establishing the existence of a disability." Rodriguez v. SSA, 118 F.4th 1302, 1316 (11th Cir. 2024) (citation omitted). By asking the Court to guess at her arguments, Plaintiff fails to meet her burden.

For these reasons, substantial evidence supports the ALJ's decision, and none of Plaintiff's arguments warrant remand.

## V. Plaintiff's Motion for Remand

Plaintiff filed a separate Motion for Remand. Doc. 14. Plaintiff argues that the Court should order remand for consideration "of new and material medical evidence that was unavailable" at the time of the ALJ's decision. Id. at 1. Specifically, Plaintiff argues that she had one MRI on February 13, 2025, and three MRIs in December 2025 that the ALJ did not consider when he made his decision. Id. at 2. Defendant filed a Response, arguing that the

February MRI is not new evidence and the other MRIs are not material because they occurred after the period the ALJ adjudicated. Doc. 16 at 2–3.

The Court can remand for consideration of new evidence if: the evidence is new and non-cumulative; the evidence is material such that "there is a reasonable possibility that it would change the administrative result"; and there is good cause for the failure to submit the evidence previously. Caulder v. Bowen, 791 F.2d 872, 877 (11th Cir. 1986).

According to Plaintiff, she had a lumbar spine MRI on February 13, 2025, at 12:13 p.m. Doc. 14-3. The record before the ALJ included a lumbar spine MRI taken on February 13, 2025, at 12:13 p.m. R. 788. Therefore, the February 13, 2025 MRI Plaintiff submitted appears to the same or duplicative of an MRI already in the record. The ALJ unquestionably did not consider the December 2025 MRIs, but for good reason. His decision occurred on March 28, 2025, at least eight months prior to the MRIs in question. The only way that those MRIs would warrant remand is if they related to issues properly before the ALJ on March 28, 2025. Lipscomb v. Comm'r of Soc. Sec., 199 F. App'x 903, 907 (11th Cir. 2006). Plaintiff has presented these MRIs and labeled them as significant. Plaintiff has not, however, demonstrated a "reasonable probability" that they would have changed the ALJ's decision. Caulder, 791 F.2d at 877. The records might be relevant to Plaintiff's condition in December 2025, but they "do not change the picture of what [her] symptomology was like before the ALJ's decision." Lindsey v. Comm'r of Soc. Sec., 741 F. App'x 705, 712 (11th Cir. 2018); cf. Washington v. SSA, 806 F.3d 1322 (11th Cir. 2015) (remanding for consideration of new evidence when a medical provider explicitly based post-decision findings on treatment records from before an ALJ's decision and disagreed with opinions contained in those records). In other words, Plaintiff has not demonstrated that this new evidence is material.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** the Court **DENY** the Motion for Remand. Doc. 14. I further **RECOMMEND** the Court **AFFIRM** the ALJ's decision. I **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final

judgment entered by or at the direction of a District Judge.

**SO REPORTED AND RECOMMENDED**, this 26th day of August, 2026.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA